**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAROL HAYLETT,                    )
                                  )
                Plaintiff,        )
        v.                        )        1: 05cv299
                                  )
LESLIE BOHRER, CHERYL WEBER       )
and ST. MARTIN DAY CARE CENTER,   )
                                  )
                Defendants.       )

## <u>MEMORANDUM OPINION</u>

McLAUGHLIN, SEAN J., District J.

Plaintiff Carol Haylett has filed this *pro se* civil action against her former

employer, St. Martin Day Care Center ("St. Martin") as well as two of her former

supervisors, Leslie Bohrer and Cheryl Weber.[1]  Plaintiff asserts violations of her rights

under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and Title VII of

the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §

2000e et seq. ("Title VII"), 42 U.S.C. § 1981.  In addition, she seeks damages for

various personal injuries, both physical and emotional, allegedly caused by the

Defendants' actions as well as damages under the Rehabilitation Act of 1973, Pub. L.

93-112, as amended, 29 U.S.C. §§ 701 *et seq.*.[2]  We have jurisdiction over these

_____

[1] Ms. Weber has since changed her last name and is now known as Cheryl
Kobel.  However, for present purposes, we will refer to her as Defendant Weber.

[2] Plaintiff purports to assert claims based on alleged violations of various
"regulations for federally assisted programs" whose purpose is to effectuate
implementation of Section 504 of the Rehabilitation Act.  <u>See</u> 28 C.F.R. §§ 39.101 et
seq.; <u>id</u>. at §§ 42.501 *et seq.* (Department of Justice); 34 C.F.R. §§ 104.1 *et seq.*
(Department of Education); 45 C.F.R. §§ 84.1 *et seq.* (Department of Health and
Human Services).  To the extent these regulations are applicable to Plaintiff's case,
they are redundant of her Rehabilitation Act claim and provide no independent right of

claims pursuant to 28 U.S.C. §§ 1331 and 1367(a).

Defendants have filed a motion to dismiss Plaintiff's claims or, in the alternative, for summary judgment. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## I. STANDARD OF REVIEW

Defendants have moved for relief under Rule 12(b)(6) or, alternatively, Rule 56, of the Federal Rules of Civil Procedure. In considering a motion to dismiss under Rule 12(b)(6), we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved. See Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). Summary judgment under Rule 56 is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, we must view the facts in the light most favorable to the nonmoving party. See Fed. R. Civ. P. 56; Gottshall v. Consol. Rail Corp., 56 F.3d 530, 533 (3d Cir. 1995).

Additional consideration must be given to the fact that the Plaintiff here is proceeding *pro se*. *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

---

action.

Plaintiff also purports to assert claims based on Defendants' alleged acts of retaliation against her daughter, who is not a named plaintiff in this action. Insofar as Plaintiff asserts acts of retaliatory employment discrimination committed against her daughter, such claims belong to Plaintiff's daughter, not to Plaintiff, and they cannot be prosecuted by Plaintiff in this action. See Dockins v. , No. Civ. 98-3035, 2000 WL 146792 *2 at n.2 (E.D. Pa. Feb. 8, 2000) ("To the extent plaintiff seeks to complain in this action of the treatment of her son by defendant, she does not have standing to assert such a claim.").

dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521(1972), <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Bierley</u>, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); <u>Smith v. U.S. District Court</u>, 956 F.2d 295 (D.C. Cir. 1992); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. 1997). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same).

## II.  DISCUSSION

Plaintiff was employed at St. Martin from approximately July 1994 to October 2001 when she claims she was constructively discharged.  Plaintiff asserts that, during her tenure at St. Martin, she suffered various forms of discrimination at the hands of Weber and Bohrer, including adverse work assignments, a reduction of work hours and benefits, verbal harassment, refusal to reasonably accommodate Plaintiff's back and hip injuries and, ultimately, loss of employment.

Defendants assert several bases for dismissing Plaintiff's claims.  We will consider each basis in turn.

**A.**

First, Defendants move to dismiss from this lawsuit Cheryl Weber and Leslie Bohrer – respectively, the Executive Director and Director of St. Martin. We agree with Defendants that neither of these individuals is a properly named defendant for purposes of Plaintiff's federal claims. Discrimination claims under the ADA, ADEA and Title VII of the Civil Rights Act can only be brought against the plaintiff's "employer." 29 U.S.C. § 623; 42 U.S.C.A. §§ 2000e-2, 12111(2) and (5) and 12112. It is clear from Plaintiff's allegation that her "employer" was St. Martin Center, not Defendants Weber or Bohrer. Similarly, our circuit court of appeals has held that there is no individual liability under Section 504 of the Rehabilitation Act. See Emerson v. Thiel College, 296 F.3d 184, 189-90 (3d Cir. 2002). Accordingly, Plaintiff has not stated a claim against the individual defendants under any of the anti-discrimination laws upon which relief can properly be granted.

**B.**

Defendants' second argument is that Plaintiff's claims under the ADA, ADEA and Title VII must be dismissed in their entirety as untimely. Defendants' exhibits show that Plaintiff filed a complaint against St. Martin with the Pennsylvania Human Rights Commission ("PHRC") on August 23, 2001.[3] (Def.s' Ex. A.) On April 23, 2003, the PHRC dismissed the complaint on the basis that it found no probable cause to support Plaintiff's allegations. (Def.s' Ex. B.)

Plaintiff's PHRC complaint was cross-filed with the EEOC and, on September 25, 2003, the EEOC issued a dismissal of the complaint and notice of Plaintiff's right to file suit ("Notice of Right to Sue"). (Def.s' Ex. E.) Based on additional information

---

[3] Plaintiff avers that the PHRC complaint was actually filed in July 2001 and amended on August 23, 2001 and that the amendment included claims against Defendants Weber and Bohrer. We need not resolve these issues because they are immaterial for present purposes.

4

subsequently submitted by Plaintiff in support of her claims, the EEOC on January 6, 2004 issued a notice of intent to reconsider Plaintiff's claims and rescinded its prior dismissal.  (Def.s' Ex. F.)  Upon reconsideration, the EEOC found reasonable cause to support at least some of Plaintiff's charges; when conciliation efforts failed, however, the EEOC issued a second Notice of Right to Sue dated July 12, 2005.  (Def.s' Ex. G.)

Pursuant to 29 C.F.R. § 1601.28(e), a claimant wishing to preserve her rights under the federal employment discrimination statutes is required to file a complaint within 90 days of her receipt of the Notice of Right to Sue.  Defendants contend that, because Plaintiff never filed a complaint within 90 days of the initial September 25, 2003 Notice of Right to Sue, her claims are now untimely.  And, while the EEOC purported to rescind that initial Notice of Right to Sue through its January 6, 2004 notice of reconsideration, Defendants contend that the Commission was without any legal authority to do so.  Irrespective of that problem, Defendants argue, the Plaintiff failed to file suit within 90 days of the second Notice of Right to Sue which was issued on July 12, 2005.  Defendants thus assert that Plaintiff's ADA, ADEA, and Title VII claims are now time-barred.  We will address these arguments in reverse order.

As for Defendants' assertion that Plaintiff failed to file suit within the 90-day period following receipt of the second Notice of Right to Sue, we find this argument to be in error.  As the second notice was issued on July 12, 2005, the 90-day filing period would have begun to run on July 15, 2005 (assuming 3 days are added to account for service, see Mosel v. Hills Dept. Store, 789 F.2d 251 (3d Cir. 1986)) and would have ended on October 13, 2005.  In this case, Plaintiff's complaint was received by the Clerk of Courts on October 12, 2005, along with Plaintiff's motion for leave to proceed *in forma pauperis*, although the complaint was not officially docketed until October 18, 2005 when the *IFP* motion was granted.  Therefore, Plaintiff's complaint was technically submitted in a timely fashion as measured from the EEOC's second Notice of Right to

Sue.

We next consider Defendants' argument that the EEOC lacked the authority to rescind the original Notice of Right to Sue dated September 25, 2003. Because it is undisputed that Plaintiff did not file her complaint within 90 days of this initial notice, the critical question is whether the EEOC could have lawfully rescinded Plaintiff's right to bring suit during this period and whether, by issuing the second Notice of Right to Sue, the EEOC effectively created a new 90-day period for filing suit.

The operative provision is 29 C.F.R. § 1601.19, which allows the EEOC or an issuing director to issue, *sua sponte,* a notice of intent to reconsider a previous "no reasonable cause" determination. Pursuant to § 1601.19:

> [i]f the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved ... has not filed suit and did not request and receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination and shall revoke the charging party's right to bring suit within 90 days. If the 90 day suit period has expired, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days. ... In those circumstances where the charging party's right to bring suit in 90 days was revoked, the [new] determination shall include notice that a new 90 day suit period shall begin upon the charging party's receipt of the determination.

29 C.F.R. § 1601.19(b). Thus, § 1601.19(b) nullifies the original 90-day period for filing suit only if (among other things) the EEOC issues a notice of its intent to reconsider *within 90 days of the claimant's receipt of the prior no cause determination*. See McCray v. Corry Mfg. Co., 61 F.3d 224, 229 (3d Cir. 1995). Defendants contend that, because the EEOC did not issue its notice of intent to reconsider within 90 days from the September 25, 2003 dismissal and notice of right to sue letter (i.e., by December

24, 2003), its subsequent issuance of the notice of intent to reconsider on January 6, 2004 could not have revoked the Plaintiff's 90-day period for filing suit.

We do not believe the issue can be definitively resolved on this record, however. According to the regulation, it is the claimant's *receipt* of the Notice of Right to Sue which triggers the 90-day period for filing a civil action. See 29 C.F.R. § 1601.19(a) (where a determination of no reasonable cause is made, EEOC's letter of determination shall advise claimant of his/her right to sue in federal district court within 90 days of *receipt* of the letter of determination) (emphasis added); id. at § 1601.28(e). Here, Plaintiff seems to be alleging, albeit somewhat inartfully, that she did not receive notice of her right to sue until December 23, 2003. If this allegation is credited, the 90-day period for filing suit would have ended on March 23, 2004. This in turn would mean that the EEOC's issuance of its January 6, 2004 notice of intent to reconsider occurred *within* the applicable 90-day period for purposes of § 1601.19(b) and thereby effectively *revoked* Plaintiff's right to file suit during that period. Under this scenario, Plaintiff's 90-day period for filing suit would have run from her receipt of the EEOC's July 12, 2005 notice of dismissal and right-to-sue. As we have already discussed, Plaintiff timely filed her complaint during that period.

Defendants have styled the instant motion as a motion to dismiss or, alternatively, for summary judgment. District courts retain the discretion to convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment only when all parties have had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6). See Franklin v. National Maritime Union of America (MEBA/NMU), Civ. A. No. 91-480, 1991 WL 131182 at *5 n. 3 (D.N. J. July 16, 1991). Thus, our circuit court of appeals requires that notice be given to all parties before such a conversion is made. See Rose v. Bartles, 871 F.2d 331, 340 (3d Cir. 1989). Here, Plaintiff has appended no exhibits or affidavits in defense of the instant

motion, but she has raised allegations which could arguably establish the timeliness of her employment discrimination claims.  Given the fact that no formal discovery has as yet been conducted and considering Plaintiff's status as a pro se litigant, the Court is not satisfied that Plaintiff has had a sufficient opportunity to present all materials relevant to a Rule 56 disposition.  We will therefore decline at this time to convert Defendants' motion into a Rule 56 motion for summary judgment, instead allowing the parties time to engage in discovery.  Accordingly, the Defendants are not prohibited from raising the timeliness issue on a subsequent Rule 56 motion with the benefit of a more fully developed record.  For present purposes, however, we will deny Defendants' motion to dismiss the Plaintiff's Title VII and ADA claims.

Plaintiff's ADEA claim, on the other hand, is a different matter.  As the foregoing discussion illustrates, the timeliness of Plaintiff's federal employment discrimination claims hinges on our application of 29 C.F.R. § 1601.19(b) to the facts of this case. Plaintiff does not appear to raise any argument or allegation that would contradict this conclusion.  Our circuit court of appeals has observed that, while the EEOC's grant of reconsideration under § 1601.19(b) may impact the statute of limitations for filing Title VII and ADA claims, there is no counterpart regulation governing reconsideration of claims under the ADEA.  See McCray, 61 F.3d at 228.  Thus, even if Plaintiff did not receive the EEOC's right-to-sue notice until December 23, 2003 as she suggests, her 90-day period for filing a civil action under the ADEA closed on March 23, 2004. Because Plaintiff failed to file her lawsuit within that period and, because the period could not be further extended by virtue of § 1601.19(b), her ADEA claim is untimely. We will therefore grant the Defendants' motion to dismiss that claim.

## C.

Finally, Defendants move to dismiss Plaintiff's complaint insofar as it asserts a claim for personal injury damages premised on state law tort theory and/or the

Rehabilitation Act of 1973.  Plaintiff's state law claim seeks compensation for injuries to her back, hip, and shoulders allegedly causing loss of future employment and also seeks restitution for pain and suffering, loss of enjoyment of life, emotional and mental anguish, and future medical expenses.  With regard to Plaintiff's state law claim, we agree with Defendants that this claim is barred by the exclusivity provision of Pennsylvania's Worker's Compensation Law, 77 P.S. § 481.  Plaintiff does not dispute the applicability of this provision; she argues, however, that it should not bar her claim because she was unaware of the need to seek relief under the worker's compensation law, because she has medical documentation to support her claim, and because personal circumstances required her to find alternative employment despite her injuries. Unfortunately for Plaintiff, ignorance of the law is not sufficient grounds to withstand the Defendants' motion under these circumstances, notwithstanding her *pro se* status.  See e.g., Lee v. Thompson, 163 Fed. Appx. 142, 144, 2006 WL 162643 at **2 (3d Cir. Jan 23, 2006) (despite court's obligation to liberally construe a *pro se* litigant's pleadings, ignorance of the law or failure to seek legal advice will not excuse failure to meet a filing deadline).

With regard to Plaintiff's claim under § 504 of the Rehabilitation Act, Defendants argue that this claim should be dismissed because it is untimely and because Plaintiff has pleaded no facts to establish a causal connection between the Defendants' actions and Plaintiff's injuries.[4]  We agree that the Rehabilitation Act claim must be dismissed as untimely.

Courts have held that Pennsylvania's two-year statute of limitations governing personal injury claims is applicable to claims brought under § 504 of the Rehabilitation

---

[4] To the extent Defendants are suggesting that the exclusivity provision of Pennsylvania's Worker's Compensation Law would also bar Plaintiff's Rehabilitation Act claim, we disagree.  The Supremacy Clause of the U.S. Constitution would require that Plaintiff's Rehabilitation Act claim take precedence over 77 P.S. § 481.

9

Act of 1973.  See DeMedio v. Girard Bank, 1987 WL 9410 (E.D. Pa. 1987), *aff'd* 835 F.2d 282 (3d Cir. 1987).  Moreover, under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  See Holland v. Allied Serv. For Handicapped, Civ. No. 92-0814, 1993 WL 668670 at *3 (M.D. Pa. May 21, 1993) (citing Morse v. University of Vermont, 973 F.2d 122 (2d Cir. 1992)).  The Supreme Court has held, in the context of discrimination cases, that "the proper focus is on the time of the *discriminatory act*, not the point at which the consequences of the act become painful."  Id. (emphasis in the original) (citing Chardon v. Fernandez, 454 U.S. 6, 8 (1981); Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)).  Here, Plaintiff complains that St. Martin Center, through its employees, discriminated against her because of her disability and constructively discharged her in October 2001.  Because Plaintiff did not file her complaint until some four years later, her Rehabilitation Act claim is untimely.

Plaintiff insists that her claim is not untimely because it was being litigated at the administrative level until 2005.  However, Plaintiff was not required to exhaust administrative remedies prior to filing her claim under § 504 of the Rehabilitation Act.  See Freed v. Consolidated Rail Corp., 201 F.3d 188, 191 (3d Cir. 2000); Holland, *supra*, at *2.

### III.  CONCLUSION

Based upon the foregoing discussion, Plaintiff's claims against Defendants Bohrer and Weber will be dismissed in their entirety.  Plaintiffs' claims against St. Martin Center will likewise be dismissed, except for her claims under the ADA and Title VII.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAROL HAYLETT,                          )
                                        )
                    Plaintiff,          )
         v.                             )        1: 05cv299
                                        )
LESLIE BOHRER, CHERYL WEBER             )
and ST. MARTIN DAY CARE CENTER,         )
                                        )
                    Defendants.         )

## O R D E R

AND NOW, to wit, this 15th day of August, 2006, for the reasons set forth in the

accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Pursuant to

Fed.R.Civ.P. 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to

Fed.R.Civ.P. 56 [Doc. # 17] is GRANTED in part and DENIED in part as follows:

1.      Said motion is GRANTED with respect to all claims directed against

        Defendants Bohrer and Weber; and

2.      With respect to Plaintiff's claims against St. Martin Day Care Center, said

        motion is DENIED as to Plaintiff's claims under the Americans with

        Disabilities Act and Title VII of the Civil Rights Act and GRANTED in all

        other respects.

                                        S/      Sean J. McLaughlin
                                                U.S. District Judge

cm:    All parties of record.

11