**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAROL HAYLETT,                        )
                                      )
                    Plaintiff,        )
          v.                          )        1: 05cv299
                                      )
ST. MARTIN DAY CARE CENTER,           )
                                      )
                    Defendant.        )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District J.

        Plaintiff Carol Haylett has filed this *pro se* action against her former employer,

Defendant St. Martin Day Care Center, asserting claims under the Americans with

Disabilities Act (ADA),  42 U.S.C. §§ 12101 *et seq.*, and Title VII of the Civil Rights Act

of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title

VII").  We have jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and

1367(a).

## BACKGROUND

        Plaintiff was employed at St. Martin Center from approximately July 1994 to

October 2001 when she claims she was constructively discharged.  Plaintiff asserts

that, during her tenure at St. Martin, she suffered various forms of discrimination at the

hands of her former supervisors, Cheryl Weber and Leslie Bohrer, including adverse

work assignments, a reduction of work hours and benefits, a refusal to reasonably

accommodate Plaintiff's back and hip injuries and, ultimately, loss of employment.

        In August of 2001 Plaintiff filed a complaint against St. Martin Center with the

Pennsylvania Human Relations Commission (PHRC) alleging that, through the

aforementioned conduct, St. Martin had violated the federal employment discrimination

laws.  On April 23, 2003, the PHRC formally dismissed Plaintiff's charges as

unsupported by probable cause.  (See Pl.'s Ex. in Opp. to Def.'s Mot. for Summ. Judg. ("Pl.'s Ex.") at Ex. F [41-6].)  Plaintiff was given a notice of her rights and was afforded the opportunity to request a preliminary hearing and to submit further written comments to the PHRC's Director of Compliance, which she did.  (See id. at Ex. G [41-7] and H [41-8].)  Plaintiff's request for a preliminary hearing was denied on July 28, 2003 on the ground that the charge was not substantiated.  (See Pl.'s Ex. L [41-12]; Def.'s Mot. for Summ. Judg. at Ex. D [32-5].)

In the meantime, Plaintiff's employment discrimination charge had been cross-filed and was pending before the Equal Employment Opportunity Commission (EEOC).  In September of 2003, Plaintiff submitted a request for a Substantial Weight Review of the PHRC's determination.  By letter dated September 23, 2003, Marie M. Tomasso, Director of the EEOC's Philadelphia District responded, in relevant part, as follows:

> ... We are in receipt of your request for a Substantial Weight Review of the Pennsylvania Human Relations Commission's (PHRC) investigation and final finding in the case.  PHRC just recently notified this office that they have completed processing the charge which had to occur before their findings could be reviewed.
>
> We will secure the complete PHRC investigative file and make a determination whether a proper investigation was done.  The review will examine the charge itself, the evidence gathered and the conclusion for sufficiency.  If it is determined that further investigation is necessary, PHRC will be so advised.  If it is determined that proper evidence was gathered and that the facts adduced support the conclusion, you will be issued the notice of right to sue in Federal District Court and you will have an opportunity to file private suit.

(Pl.'s Ex. at Ex. A [41-1].)

Two days later, on September 25, 2003, the EEOC issued its Notice of Right to Sue letter indicating that the EEOC had adopted the findings of the PHRC and that Plaintiff's charge was being dismissed.  The Notice of Right to Sue expressly advised Plaintiff that, with respect to any claims brought under Title VII, the ADA or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., such claims

would have to be filed in state or federal court within 90 days of Plaintiff's receipt of the notice or the right to sue would be lost.  (See Pl.'s Letter/Motion for Reconsideration [36-2] at p. 2.)  It is undisputed that Plaintiff received this Notice of Right to Sue no later than September 28, 2003.

Thereafter, Plaintiff continued to advocate her charges and seek further information from the EEOC through correspondence directed to various Commission personnel.  On September 28, October 16, and October 20, 2003, Plaintiff sent letters to (respectively) Ms. Tomasso, Area Director Eugene V. Nelson, and the EEOC's "ADA Compliance Director" questioning the Commission's dismissal of her charges just two days after the September 23 letter and requesting, among other things, assistance with referral to an attorney, information as to her legal rights, and a complete copy of the charge file upon which the EEOC's decision had been made, including any responses or statements submitted by St. Martin Center.  (Mot. for Reconsideration [36-2] at pp. 3-5.)  In these letters, Plaintiff suggested that she had been advised by Ms. Tomasso that her EEOC file would be destroyed in 60 days.  (Id. at pp. 3, 5.)

Plaintiff apparently did not receive any immediate response to these letters, but she nevertheless continued her efforts.  On November 5, 2003, Plaintiff filed a request to the EEOC for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (Mot. for Reconsideration [36-2] at p. 8.)  On November 6, 2003, she sent a letter generically addressed to the EEOC in which she complained of not having received any response to her prior letters and accused Ms. Tomasso of ignoring her requests and sabotaging her ability to pursue her case.  (Id. at pp. 6-7.)

On December 16, 2003, Plaintiff received correspondence from Ms. Tomasso's office acknowledging receipt of Plaintiff's various inquiries and responding, in part, as follows:

> The entire case file was requested from the Pennsylvania Human Relations Commission (PHRC) and, as you have pointed out, it is quite copious. ...
>
> The reviewer found that PHRC did do a thorough investigation despite your representations to the contrary. In the opinion of the reviewer, witnesses were contacted and the evidence and correspondence were read and reviewed by the Investigator. Further, the reviewer was of the opinion that under the terms of the ADA stated above, you did not provide medical documentation that your disability severely limited a major life function nor was there any other confirming evidence. Thus, you were not covered by the Act. Interestingly, the PHRC Staff Attorney independently reached the same conclusion lending it more credence.

(Pl.'s Ex. M [41-13].)  Ms. Tomasso's correspondence purported to enclose an Attorney Referral List, which Plaintiff claims she never received.

Plaintiff attempted to "appeal" Ms. Tomasso's December 16 correspondence through letters to various EEOC personnel dated December 23, 2003.  These letters were sent separately to Ms. Tomasso, to Program Analyst Everett Wade, and to Coordinator of State and Local Programs Charles Brown.  In her "appeal" to Ms. Tomasso, Plaintiff continued to advocate her ADA claim and take issue with the allegedly inadequate investigation conducted by the PHRC.  (Pl.'s Ex. N [41-14].)  In her letters to Mr. Wade and Mr. Brown, Plaintiff accused the PHRC and EEOC of actively undermining her case and assisting St. Martin Center in attempting to cover up the wrongful actions of Bohrer and Weber.  (Pl.'s Ex. O [41-15]; Mot. to Recon. [36-2] at p. 13.)

On January 6, 2004, Ms. Tomasso issued a document entitled "Notice of Intent to Reconsider and Rescinding of Dismissal," which purported to vacate both the dismissal of Plaintiff's charge and the September 25, 2003 Notice of Right to Sue.  The stated basis for this action was that:

> ... the Charging Party has presented additional information in a timely manner which is sufficient to warrant further EEOC review of the investigation conducted by the Pennsylvania Human Relations Commission (PHRC) for this matter.  This does not necessarily mean that

4

> the initially issued finding was in error, but only that further review is
> required before the Commission can more appropriately issue its finding
> as to the merits of the charge. ...

(Pl.'s Ex. Q. [41-17].)  In light of the EEOC's decision to reopen administrative

proceedings, the Commission denied Plaintiff's FOIA request and declined to turn over

her administrative file on the grounds that production of the file could reasonably be

expected to interfere with enforcement proceedings.  (Pl.'s Ex. R [41-18].)  See 5

U.S.C. § 552(b)(7)(A).

The EEOC's determination upon reconsideration was rendered on March 29,

2005 by Joseph Hardiman, III, Area Director for the EEOC's Pittsburgh Office.  Mr.

Hardiman concluded that the evidence did not support a finding that Plaintiff suffered

from a non-job related disability or was a "qualified individual with a disability" for

purposes of the ADA.  Consequently, Mr. Hardiman concluded that there was

insufficient evidence to support a finding that St. Martin had violated the ADA with

respect to either (1) its failure to accommodate Plaintiff's disabilities, or (2) its refusal to

offer her a position as a Center Aide, Group Supervisor or Assistant Group Supervisor.

Mr. Hardiman also found insufficient evidence to support Plaintiff's allegation of age

discrimination.  On the other hand, Mr. Hardiman determined that the evidence did

support a finding of an "unalleged violation of retaliation [under the ADA] with respect to

the reduction of Charging Party's work hours from 25 per week to 12.5 which lead [sic]

to her forced constructive discharge."  (Pl.'s Ex. T [41-20] at p. 3.)  Based on this

determination, the EEOC undertook conciliation efforts.  (Id.)

After conciliation efforts failed, the EEOC sent a second Notice of Right to Sue

dated July 12, 2005.  This second Notice advised Plaintiff that the EEOC had

determined not to bring a suit against St. Martin and that it was concluding its

involvement in Plaintiff's charge.  (Def.'s Mot. for Summ. Judg at Ex. G [32-9].)

Plaintiff subsequently commenced this action on October 12, 2005 by filing a motion for leave to proceed *in forma pauperis* and accompanying complaint. The motion was granted and the complaint was formally docketed on October 18, 2005. Plaintiff's complaint asserts claims against St. Martin Center under the ADA and Title VII based on various forms of alleged employment discrimination, including constructive discharge and retaliation.[1]

Defendant has filed a motion for summary judgment arguing that Plaintiff's claims are barred because they were filed in an untimely manner. The matter has been fully briefed and is now ripe for determination.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898

---

[1] The complaint names St. Martin Day Care Center, Ms. Bohrer and Ms. Weber as Defendants. It alleges violations of Plaintiff's rights under the ADA, ADEA, Title VII, the Rehabilitation Act of 1973, Pub. L. 93-112, as amended, 29 U.S.C. §§ 701 *et seq*., as well as various "regulations for federally assisted programs." (Complaint [2] at ¶ 4.) The complaint also purports to assert employment discrimination claims based on alleged acts of retaliation against her daughter, who is not a named plaintiff in this action.

By Memorandum Opinion and Order dated August 15, 2006 [23], this Court partially dismissed Plaintiff's claims on a motion by the defense. As a result, the only causes of action still pending are Plaintiff's claims under the ADA and Title VII against St. Martin Day Care Center. By order dated February 9, 2007 [35], we denied Plaintiff's motion [30] for reconsideration of the August 15, 2006 ruling. Plaintiff has since filed a Letter/Motion for Reconsideration [36] of our February 9 order denying reconsideration. In light of our ruling on the pending motion for summary judgment, Plaintiff's second motion for reconsideration will be denied as moot.

F.2d 946, 949 (3d Cir.1990).  The moving party has the initial burden of demonstrating that, given the evidence of record, no reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Wilson v. Lemington Home for the Aged, No. 99-1893, 2000 WL 33712287 at *1 (W.D. Pa. April 12, 2000).  Entry of judgment is mandated against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Wilson, *supra,* at *1.

Additional consideration must be given to the fact that the Plaintiff is proceeding *pro se* and, as a result, is held to a less stringent standard than trained counsel.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Accordingly, the Court "will apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name," Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)).  At the same time, we are cognizant that, while "district courts are counseled to liberally construe pro se pleadings, all parties must follow the Federal Rules of Civil Procedure."  Thomas v. Norris, 2006 WL 2590488, at *4 (M.D. Pa. Sept.8, 2006).  See also Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir.1992) (noting that despite liberal construction of the complaint, *pro se*  plaintiff "still has before him the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

**DISCUSSION**

Pursuant to 29 C.F.R. § 1601.28(e), a claimant wishing to preserve her right to file suit under the federal employment discrimination statutes is required to file a complaint within 90 days of her receipt of a Notice of Right to Sue from the EEOC.  See 29 C.F.R. § 1601.28(e) (Notice of Right to Sue shall include, *inter alia*, authorization to the aggrieved person to bring a civil action under Title VII or the ADA within 90 days from receipt of such authorization).

Citing this provision, the Defendant on May 19, 2006 filed a motion to dismiss and/or for summary judgment as to all of the claims in Plaintiff's *pro se* complaint. Defendant argued, among other things, that Plaintiffs' federal employment discrimination claims were untimely in that they had not been filed within ninety days following the Notice of Right to Sue issued by the EEOC on September 25, 2003. Defendant further argued that Plaintiff had also failed to file suit within the ninety days following the EEOC's second Notice of Right to Sue, since the complaint was not formally docketed by the clerk of court until October 18, 2005.

In denying the Defendant's motion, we noted that the second Notice of Right to Sue was issued on July 12, 2005 and, allowing three days to account for service, the applicable period for filing suit would have begun to run on July 15 and would have ended on October 13, 2005.  Although Plaintiff's complaint was not formally docketed until October 18, 2005 (when this Court granted Plaintiff's *in forma pauperis* petition), the complaint was received by the clerk of court on October 12 and, therefore, it was submitted within 90 days as measured from the EEOC's second Notice of Right to Sue.

Because it is undisputed that Plaintiff did not file her complaint within the 90-day period running from the EEOC's original Notice of Right to Sue, the critical question is which Notice of Right to Sue applies in this case and, more specifically, whether the EEOC's January 6, 2004 Notice of Intent to Reconsider revoked the Plaintiff's right to

8

file suit during the original 90-day period.  The operative regulation is 29 C.F.R.

§ 1601.19, which states in relevant part:

> [i]f the Commission or an issuing director decides to reconsider a
> final no cause determination, a notice of intent to reconsider shall
> promptly issue to all parties to the charge.  If such notice of intent
> to reconsider is issued within 90 days of receipt of the final no
> cause determination, and the person claiming to be aggrieved ...
> has not filed suit and did not request and receive a notice of right to
> sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to
> reconsider shall vacate the letter of determination and shall revoke
> the charging party's right to bring suit within 90 days.  If the 90 day
> suit period has expired, the charging party has filed suit, or the
> charging party had requested a notice of right to sue pursuant to
> § 1601.28(a)(1) or (2), the notice of intent to reconsider shall
> vacate the letter of determination, but shall not revoke the charging
> party's right to sue in 90 days. ... In those circumstances where the
> charging party's right to bring suit in 90 days was revoked, the
> [new] determination shall include notice that a new 90 day suit
> period shall begin upon the charging party's receipt of the
> determination.

29 C.F.R. § 1601.19(b).

Thus, a notice of intent to reconsider issued under § 1601.19(b) nullifies the

original 90-day period for filing suit only if (among other things) the EEOC issued the

notice of its intent to reconsider *within 90 days of the claimant's receipt of the prior no

cause determination*.  See McCray v. Corry Mfg. Co., 61 F.3d 224, 229 (3d Cir. 1995).

The critical factual issue arising from Defendant's Rule 12(b)(6) motion was whether the

EEOC's January 6, 2004 notice of intent to reconsider had been issued within 90 days

from Plaintiff's *receipt* of the September 25, 2003 Notice of Right to Sue.  In our

previous Memorandum Opinion and Order of August 15, 2006, this Court deferred

ruling on this issue because, based on the record as it then stood, we could not

definitively ascertain the date on which Plaintiff had received the September 25, 2003

Notice of Right to Sue; in fact, we read Plaintiff's opposition papers as possibly alleging

that she did not receive it until December of 2003.  We determined that the record

required further clarification on this point and we therefore gave the Defendant leave to

raise the issue again on summary judgment with the benefit of a more fully developed record.

Defendant has once again challenged the timeliness of Plaintiff's claims in the motion for summary judgment now pending before us. The Court has reviewed a substantial amount of material relative to this matter, most of which has been submitted by Plaintiff. The record now establishes unequivocally that Plaintiff received the September 25, 2003 Notice of Right to Sue no later than September 28, 2003, as demonstrated not only by her testimony at deposition, but also by numerous pieces of correspondence in which Plaintiff acknowledges her receipt of the Notice of Right to Sue on or before September 28, 2003. In fact, Plaintiff wrote to the EEOC on September 28, 2003, objecting to the dismissal of her charge as set forth in the September 25 Notice of Right to Sue.

Since Plaintiff received the original Notice of Right to Sue no later than September 28, 2003, her period for filing suit expired on December 27, 2003. The EEOC's Notice of Intent to Reconsider and Rescind Dismissal was issued on January 6, 2004, after the 90-day period expired. Therefore, pursuant to 29 C.F.R. § 1601.19(b), the notice of intent to reconsider was effective only insofar as it vacated the EEOC's prior no cause determination; it did not effectively revoke the Plaintiff's right to file suit during the original 90-day period. See § 1601.19(b) ("If the 90 day suit period has expired [as of the date upon which the EEOC issues its notice of intent to reconsider] ... the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days."); McCray v. Corry Mfg. Co., 61 F.3d 224, 229 (3d Cir. 1995) ("Section 1601.19(b) revokes the charging party's right to bring suit only if [among other things] the EEOC issues a notice of its intent to reconsider within ninety days of the claimant's receipt of a no cause determination. ..."). Accord Davis v. Metropolis Country Club, 145 F. Supp. 2d 321, 324 (S.D.N.Y. 2001)

10

(Pursuant to § 1601.19(b), neither a notice of intent to reconsider nor issuance of a subsequent right to sue letter will revive an expired limitations period); Charles v. New York City Police Dept., No. 96CIV9757(WHP)(THK), 1999 WL 717300 at *3 (S.D.N.Y. Sept. 15, 1999) (If Notice of Intent to Reconsider is issued more than ninety days after the issuance of the Right to Sue Letter, the Notice of Intent to Reconsider may vacate the EEOC's letter of determination but does not revoke the charging party's right to sue).  The upshot of all this is that the September 25, 2003 Notice of Right to Sue is controlling with respect to Plaintiff's time for filing suit in federal court.  Because she failed to commence suit within 90 days following her receipt of that notice on September 28, 2003, her claims in this Court are untimely.

        This conclusion is not changed by the fact that Plaintiff continued to press her case with the EEOC following her receipt of the September 25 Notice of Right to Sue, nor is it changed by the fact that Plaintiff attempted to "appeal" Ms. Tomasso's December 16, 2003 correspondence confirming the dismissal of her charge by sending additional letters to various EEOC personnel on December 23, 2003.  To the extent these efforts can be viewed as requests for reconsideration of the EEOC's no cause determination, the law from this circuit is clear that such requests do not toll the 90-day period for filing suit where the EEOC fails to issue a notice of intent to reconsider within the 90-day period.  See Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247 (3d Cir 1999) ("For private-sector employees, a timely request for reconsideration only serves to toll the time to file a Title VII or ADA suit in federal court if 'the EEOC issues notice of its intent to reconsider within ninety days of the claimant's receipt of a no cause determination, the claimant has not filed suit yet and the claimant did not request and receive a notice of right to sue.'") (quoting McCray v. Corry Mfg. Co., 61 F.3d 224, 229 (3d Cir. 1995)).  See also Montecalvo v. Trump's Taj Mahal Casino, No. 97-3876, 1997 WL 786985 at *1 (E.D. Pa. Nov. 26, 1997) (a request for reconsideration of an EEOC

determination does not toll the 90 day statute of limitations where the EEOC's notice of intent to reconsider is issued after the 90 day period has expired).

Moreover, Plaintiff has not asserted any basis for equitably tolling the 90-day filing period.  We note at the outset that our circuit court of appeals applies the doctrine of equitable tolling "sparingly."  See Podobnik v. U.S. Postal Service, 409 F.3d 584, 591 (3d Cir.2005) (citations and quotations omitted).  In fact, it is applied only in limited circumstances as, e.g., "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994).  The Plaintiff has not presented any factual evidence to establish the existence of the first scenario or the third; therefore, equitable tolling could only apply in this case if Plaintiff can show she was prevented in some extraordinary way from asserting her rights.

To that end, Plaintiff suggests that the EEOC's September 25, 2003 dismissal of her charge was improper because (according to Plaintiff) it was based purely on a review of the PHRC's "very faulty dismissal."  Plaintiff draws this inference based on the fact that the EEOC's September 25, 2003 dismissal and Notice of Right to Sue was issued only two days after Ms. Tomasso's letter indicating that the EEOC would obtain the complete PHRC file and determine whether a proper investigation had been done. Plaintiff submits that it would have been impossible for the EEOC to have obtained the complete PHRC investigative file, reviewed all the evidence, and reached a decision to dismiss the case within a two day period.  However, even assuming for the sake of argument that the EEOC's dismissal of her charge on September 25, 2003 was, in fact, based merely on a review of the PHRC's determination as opposed to the complete case file, this does not constitute grounds for equitable tolling.  The EEOC's allegedly

deficient analysis did not render its September 25, 2003 dismissal legally ineffective for purposes of triggering the 90-day statute of limitations,[2] nor did it in any way prevent Plaintiff from protecting her claims by filing suit. See, e.g., Vollinger v. Merrill Lynch & Co. Inc., 198 F. Supp. 2d 433, 441-42 (S.D.N.Y. 2002) (rejecting plaintiff's assertion that the EEOC's purportedly erroneous reliance on state commission's determinations tolled the 90-day limitations period because the alleged mistake in no way precluded Plaintiff from filing suit).

Plaintiff complains that, following her receipt of the September 25, 2003 Notice of Right to Sue, she submitted several requests for information – including updates concerning her case, rules for filing charges in court, copies of her case file, and attorney referral information – all of which went unacknowledged until Ms. Tomasso's correspondence of December 16, 2003. Plaintiff interprets these events as a deliberate attempt by the EEOC to sabotage her ability to file a timely lawsuit. However, Plaintiff's failure to commence her legal action within the requisite period cannot be excluded by virtue of the EEOC's failure to respond more promptly to her inquiries. The Notice of Right to Sue explicitly advised Plaintiff that she had 90 days in which to file suit. The rules governing the filing of federal law suits are available through alternative public sources other than the EEOC, such as the Erie County Law Library and the Clerk of Court's office, and Plaintiff was not precluded from attempting to obtain legal representation on her own. In addition, Plaintiff was certainly aware of all the factual allegations serving as the basis for her claim, even if she did not possess the complete administrative case. Finally, there is no indication in the record that the EEOC ever

---

[2] We note that the EEOC did not base its subsequent notice of intent to reconsider on any deficiency in the September 25, 2003 dismissal and Notice of Right to Sue. Rather, the stated basis for the EEOC's decision to reconsider its prior dismissal was Plaintiff's submission of additional information which, in the EEOC's opinion, was sufficient to warrant further administrative review. (See Def.'s Ex. F.)

affirmatively misinformed Plaintiff during the 90-day period about the appropriate time frame for filing suit.  Consequently, the EEOC's failure to provide the requested information does not constitute the kind of extraordinary circumstances warranting equitable tolling.

## CONCLUSION

Based upon the foregoing reasons, Defendant's motion for summary judgment will be granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAROL HAYLETT,                    )
                                  )
            Plaintiff,            )
      v.                          )        1: 05cv299
                                  )
ST. MARTIN DAY CARE CENTER,       )
                                  )
            Defendant.            )

**ORDER OF JUDGMENT**

AND NOW, this 13th day of April, 2007, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's motion [Doc. # 32] for summary judgment is GRANTED.  JUDGMENT is hereby entered in favor of Defendant, St. Martin Day Care Center, and against Plaintiff, Carol Haylett.

IT IS FURTHER ORDERED that Plaintiff's motion [Doc. # 36] for reconsideration of this Court's order dated February 9, 2007 is DENIED as moot.

                                  s/    <u>Sean J. McLaughlin</u>

                                        SEAN J. McLAUGHLIN
                                        United States District Judge

cm:    All parties of record.

15